**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

Gary Allen Kachina,

       Petitioner,

v.

Tom Roy,
Commissioner of Corrections,

       Respondent.

Civil File No. 12-873 (ADM/JJG)

**ORDER**

## INTRODUCTION

Petitioner commenced this action by filing a habeas corpus petition under 28 U.S.C. § 2254, challenging his conviction in a Minnesota state court criminal case. (Docket No. 1.) The matter was assigned to Magistrate Judge Jeanne J. Graham, who recommended that the petition be dismissed. (Report and Recommendation, ["R&R"], dated December 13, 2012; [Docket No. 16].) Petitioner filed objections to the R&R, (Docket Nos. 17 and 18), which caused this Court to conduct a de novo review of the matter. The Court adopted the Magistrate Judge's R&R, and the action was dismissed. (See Memorandum Opinion and Order dated January 31, 2012; [Docket No. 21].)

Petitioner has filed a Notice of Appeal, (Docket 23), seeking appellate review of the Court's ruling on his habeas corpus petition. Petitioner has also filed an application seeking leave to proceed in forma pauperis, ("IFP"), on appeal, (Docket No. 24), and a motion asking the Court to grant him a Certificate of Appealability, (Docket No. 25). For the reasons discussed below, Petitioner's IFP application will be granted, but the Court finds that he is not entitled to a COA in this matter.

## DISCUSSION

A. <u>IFP Application</u>

A litigant who seeks to be excused from paying the $455 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. <u>See</u> <u>also</u> Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken "in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). An appeal is not taken in good faith if the claims to be raised on appeal are factually or legally frivolous. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962). An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

In this case, Petitioner's IFP application shows that he was just recently released from prison, and he is not presently employed. The IFP application indicates that Petitioner is receiving $97 per month in public assistance benefits, but he is not receiving any other income from any other source, and he has no bank accounts or other assets that could be used to pay the filing fee and costs for his appeal. Based on the information furnished in the IFP application, the Court finds that Petitioner is financially eligible for IFP status.

Although the Court remains satisfied that Petitioner's habeas corpus petition was properly dismissed, his appeal is not deemed to be "frivolous," as that term has been defined by the Supreme Court. Therefore, Petitioner's appeal is considered to be taken "in good faith" for purposes of 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and his IFP application will be granted.

B. <u>Certificate Of Appealability</u>

A state prisoner is not permitted to appeal a final order in a habeas corpus proceeding without first securing a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994), citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'") (citation omitted).

After considering the record in this case once again, the Court remains fully satisfied that Petitioner's application for habeas corpus relief was properly dismissed for the reasons discussed in the Magistrate Judge's R&R, and in this Court's prior Memorandum Opinion and Order. There is no reason to believe that any other court – including the Eighth Circuit Court of Appeals – could find that Petitioner is entitled to a writ of habeas corpus. Petitioner has not identified, and the Court

cannot independently discern, anything novel, noteworthy or worrisome about his case that might cause it to warrant appellate review. Therefore, Petitioner's COA motion will be denied.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Petitioner's application for leave to proceed in forma pauperis on appeal, (Docket No. 24), is **GRANTED**; and

2. Petitioner's request for a Certificate of Appealability, (Docket No. 25), is **DENIED**.

Dated: February 26, 2013               s/Ann D. Montgomery

ANN D. MONTGOMERY
United States District Court Judge